

**UNITED STATES DISTRICT COURT**
**Northern District of Illinois**
**219 South Dearborn Street**
**Chicago, Illinois 60604**

**Thomas G. Bruton**
**Clerk**

312-435-5670

**Transfer of Criminal Case**

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 27 2017

JAMES N. HATTEN, Clerk

By: _Cheryl Goins_ Deputy Clerk

Date: February 22, 2017

Address: Clerk of the Court
Richard B. Russell Federal
  Building and
  United States Courthouse
75 Ted Turner Drive, Room 2211
Atlanta, GA 30303-3309

**FILED**

MAR 02 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case Title: USA vs. Jessica Mitchell

Northern District of Illinois Case No.: 17 cr 95   Other Court's Case No.: 13cr429-3

Dear Sir/Madam:

Enclosed please find a <u>certified copy</u> of the docket sheet and documents being transferred to your court pursuant to:

USA VS. JESSICA MITCHELL
17 CR 95
DOCUMENTS INDICTMENT RECEIVED
FROM NORTHERN DISTRICT OF GEORGIA
FILED: MARCH 2, 2017

**F.R.CR.P 5:**

☐ Order.
☐ Commitment Order.
☐ Bond Transfer.
☐ Order Setting Conditions of Release.
☐ Appearance bond.
☐ Financial Affidavit.

**18 U.S.C § 3605 Transfer of Jurisdiction Probation 22**   ☐ In   ☐ Out

☐ Certified copy of the Probation 22 form.
☐ Indictment.
☐ Information.
☐ Superseding Indictment.
☐ Superseding Information.

Revised 10/03/16

☐ Sentencing Order.
☐ Amended Sentencing Order.
☐ Rule 12B form.
☒ Email us a certified copy of the charging instrument, judgment, signed Probation 22 form and the docket sheet.
☐ **F.R.Cr.P. 20**    ☐ **F.R.Cr.P. 21**                    ☐ In    ☐ Out
☐ Indictment.
☐ Information.
☐ Superseding Indictment.
☐ Superseding Information.
☐ Sentencing Order.
☐ Consent to Transfer Jurisdiction.

Sincerely,
Thomas G. Bruton, Clerk of Court

By: /s/Yvette Pearson
    Deputy Clerk

---

## TO BE COMPLETED BY THE RECEIVING DISTRICT

Please acknowledge receipt via email to: docketing_ilnd@ilnd.uscourts.gov

Clerk, U.S. District Court

Date:                                    By: *Andrea N*
                                         Deputy Clerk

Revised 10/03/16

**17CR 095**

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | 1:13-CR-429-3-TCB |
| | | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Jessica Mitchell   JUDGE DER-YEGHIAYAN<br>22201 Windsor Court<br>Richton Park, Illinois 60471 | Northern District of Georgia | Atlanta |
| | NAME OF SENTENCING JUDGE | |
| | Honorable Timothy C. Batten, Sr. | |
| MAGISTRATE JUDGE KIM | DATES OF PROBATION/ SUPERVISED RELEASE: | FROM 05/01/2015 — TO 04/30/2020 |

OFFENSE

Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349

**F I L E D**

FEB 14 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 16 2019

JAMES N. HATTEN, Clerk
By:

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Northern DISTRICT OF Georgia

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| 12.16.16 | |
|---|---|
| Date | Honorable Timothy C. Batten, Sr.<br>United States District Judge |

*This sentence may be deleted at the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 27 2017

JAMES N. HATTEN, Clerk
By:

UNITED STATES DISTRICT COURT FOR THE Northern DISTRICT OF Illinois

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 2/14/17 | A TRUE COPY-ATTEST<br>THOMAS G. BRUTON, CLERK<br>BY<br>DEPUTY CLERK<br>U.S. DISTRICT COURT, NORTHERN<br>DISTRICT OF ILLINOIS<br>DATE: 2-22-2017 | |
|---|---|---|
| Effective Date | | United States District Judge |

CLOSED,PROTO,TransSup

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CRIMINAL DOCKET FOR CASE #: 1:13-cr-00429-TCB-JFK-3
### *Internal Use Only*

Case title: USA v. Nathan et al

Date Filed: 11/05/2013
Date Terminated: 07/08/2014

Assigned to: Judge Timothy C.
Batten, Sr
Referred to: Magistrate Judge
Janet F. King

**ATTEST: A TRUE COPY**
**CERTIFIED THIS**

MAR 02 2017

James N. Hatten, Clerk
By:
Deputy Clerk

**Defendant (3)**

**Jessica Mitchell**
*TERMINATED: 07/08/2014*

represented by **Thomas Colin Wooldridge**
Wooldridge &Jezek, LLP
Suite 1900
1230 Peachtree Street, NE
Atlanta, GA 30309
404-942-3302
Email: wooldridge@wjlawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Pending Counts**

18:1349 - ATTEMPT AND
CONSPIRACY TO COMMIT
MAIL FRAUD
(1)

**Disposition**

CBOP 8 mos., followed by 5 yrs. Supervised Release.
Special Assessment $100. Restitution, jointly
&severally with co-dfts Eric Nathan &Brandon
Burnett to JPMorgan Chase in amt of $85,111.51.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1344 and 2 - BANK FRAUD
(2)

18:1344 and 2 - BANK FRAUD
(4-6)

**Disposition**

Dismissed on govt motion

Dismissed on govt motion

**Highest Offense Level
(Terminated)**

Felony

**Complaints**

None

**Disposition**

**Plaintiff**

**USA**

represented by **Karlyn Juliet Hunter**
U.S. Attorneys Office-ATL
Assistant United States Attorney
600 U.S. Courthouse

75 Ted Turner Drive, S.W.
Atlanta, GA 30303
404−581−6047
Email: karlyn.hunter@usdoj.gov
*TERMINATED: 05/25/2016*
*LEAD ATTORNEY*
*Designation: Retained*

**Mary Christine Roemer**
U.S. Department of Justice−GA
Office of the United States Attorney
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
404−581−6000
Email: mary.roemer@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Shanya Dingle**
U.S. Attorneys Office − ATL
600 Richard Russell Building
75 Spring Street, S.W.
Atlanta, GA 30303
404−581−6201
Email: shanya.dingle@usdoj.gov
*TERMINATED: 05/25/2016*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/05/2013 | 1 | INDICTMENT with FORFEITURE PROVISION as to Eric Nathan (1) count(s) 1, 2, 3, 5, 7, 8−13, 14−15, 16−17, Brandon Burnett (2) count(s) 1, 2, 3, 4−6, Jessica Mitchell (3) count(s) 1, 2, 4−6, Gabriella Updegrove (4) count(s) 1, 8−13. (ryc) (Entered: 11/07/2013) |
| 11/05/2013 | 4 | Defendant Information Sheet as to Jessica Mitchell. (ryc) (Entered: 11/07/2013) |
| 11/05/2013 | 8 | Praecipe filed. Arrest Warrant Issued as to Jessica Mitchell and delivered to USM on 11/6/13. (ryc) (Entered: 11/07/2013) |
| 11/06/2013 | | Case as to Eric Nathan (1), Brandon Burnett (2), Jessica Mitchell (3), Gabriella Updegrove (4). Assigned to Judge Timothy C. Batten, Sr. and Magistrate Judge Janet F. King. (bdb) (Entered: 11/08/2013) |
| 11/19/2013 | 18 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER Vionnette Johnson for Initial Appearance only as to Jessica Mitchell (3). Signed by Magistrate Judge Alan J. Baverman on 11/19/2013. (jtj) (Entered: 11/21/2013) |
| 11/19/2013 | 19 | Minute Entry for proceedings held before Magistrate Judge Alan J. Baverman: INITIAL APPEARANCE, ARRAIGNMENT with PLEA of NOT GUILTY as to Counts 1, 2, 4−6, and Bond Hearing as to Jessica Mitchell (3). Non−Surety Bond set at $10,000. Defendant released. (Tape #FTR) (jtj) (Additional attachment(s) added on 11/21/2013: # 1 Plea With Counsel) (jtj). (Entered: 11/21/2013) |
| 11/19/2013 | 20 | Non−Surety Bond entered as to Jessica Mitchell (3) in the amount of $10,000. (jtj) (Entered: 11/21/2013) |
| 11/19/2013 | 21 | ORDER Setting Conditions of Release as to Jessica Mitchell (3). Signed by Magistrate Judge Alan J. Baverman on 11/19/2013. (jtj) (Entered: 11/21/2013) |
| 11/20/2013 | 22 | ORDER OF CJA 20−Appointment to Pay Court Appointed Counsel Thomas Colin Wooldridge as to Jessica Mitchell (3). Nunc pro tunc to 11/19/2013. Signed by Magistrate Judge Alan J. Baverman on 11/20/2013. (jtj) (Entered: 11/22/2013) |
| 11/22/2013 | 23 | Arrest Warrant Returned Executed on 11/19/2013 as to Jessica Mitchell (3). (jtj) (Entered: 11/22/2013) |

| | | |
|---|---|---|
| 11/25/2013 | 24 | PRETRIAL SCHEDULING ORDER and SPEEDY TRIAL EXCLUSION ORDER as to Brandon Burnett, Jessica Mitchell.( Pretrial Conference set for Friday, 12/6/2013 at 10:00 AM in ATLA Courtroom 2008 before Magistrate Judge Janet F. King.) as to Brandon Burnett, Jessica Mitchell Signed by Magistrate Judge Janet F. King on 11/25/13. (jlm) (Entered: 11/25/2013) |
| 11/26/2013 | 25 | MOTION for Protective Order with Brief In Supportby USA as to Jessica Mitchell. (Attachments: #1 Text of Proposed Order Proposed Order) (Hunter, Karlyn) (Entered: 11/26/2013) |
| 11/27/2013 | 26 | PROTECTIVE ORDER FOR DISCOVERY MATERIALS as to Jessica Mitchell (3). Any and all materials and information provided by the United States to Defendants are to be used by Defendants and their counsel solely for the purpose of allowing Defendants to prepare their defense, and that neither the Defendants, defense counsel, nor members of the defense team will disseminate, disclose, or provide discovery materials containing the sensitive information identified herein, to anyone who is not necessary to the preparation of the defense. Signed by Magistrate Judge Janet F. King on 11/26/2013. (See order for more specifics) (jtj) (Entered: 11/27/2013) |
| 12/02/2013 | 27 | Joint MOTION for Extension of Time to file pretrial motions *for Brandon Burnett and Jessica Mitchell,* by Jessica Mitchell. (Attachments: #1 Text of Proposed Order) (Wooldridge, Thomas) (Entered: 12/02/2013) |
| 12/04/2013 | | ORAL ORDER GRANTING 27 Joint Consent Motion for Extension of Time to File Pretrial Motions. The Pretrial Conference is CONTINUED to Tuesday, January 7, 2014 at 10:30 A.M. Pretrial Motions are due Monday, January 6, 2014 by 3:00 p.m. The Court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial. Failure to grant this continuance would deny counsel for the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Clerk is DIRECTED to exclude time under the Speedy Trial Act for adequate time for preparation pursuant to Title 18, United States Code Section 3161(h)(7)(A) from December 2, 2013 to January 7, 2014. Ordered by Magistrate Judge Janet F. King on 12/04/2013. (jtj) (Entered: 12/04/2013) |
| 12/13/2013 | 28 | NOTICE OF ATTORNEY APPEARANCE Shanya Dingle appearing for USA. (Dingle, Shanya) (Entered: 12/13/2013) |
| 12/16/2013 | 29 | First MOTION For Funds For Document Reproduction Pursuant to The Criminal Justice Act by Jessica Mitchell. (Attachments: #1 Text of Proposed Order) (Wooldridge, Thomas) (Entered: 12/16/2013) |
| 12/17/2013 | 31 | ORDER granting 29 Motion For Funds For Document Reproduction Pursuant to The Criminal Justice Act as to Jessica Mitchell (3). Court authorizes to expend funds not to exceed $2,400.00 for the purpose of photocopying and duplicating Rule 16 discovery materials. Signed by Magistrate Judge Janet F. King on 12/17/2013. (bdb) (Entered: 12/18/2013) |
| 12/18/2013 | | Clerk's Certificate of Mailing as to Jessica Mitchell re 31 Order and NEF of Oral Order dated 12/4/2013. (bdb) (Entered: 12/18/2013) |
| 12/30/2013 | 32 | Mail Returned as Undeliverable. Mail sent to Jessica Mitchell re 31 Order and ORAL Order on Motion for Extension of Time. (jtj) (Entered: 01/02/2014) |
| 02/06/2014 | 46 | ORDER CERTIFYING CASE READY FOR TRIAL as to Brandon Burnett, Jessica Mitchell, and Gabriella Updegrove. Defendant Updegrove's 44 Motion is DEEMED MOOT AND WITHDRAWN. Signed by Magistrate Judge Janet F. King on 2/6/14. (jlm) (Entered: 02/06/2014) |
| 02/06/2014 | | NOTICE SETTING TRIAL as to Brandon Burnett, Jessica Mitchell, Gabriella Updegrove, Jury Trial set for 3/24/2014 at 09:30 AM in ATLA Courtroom 2106 before Judge Timothy C. Batten Sr. A pretrial conference is set for 3/19/14 at 10:30 in courtroom 2106. Motions in limine shall be filed on or before 3/5/14; responses to motions in limine shall be filed on or before 3/12/14. Only one consolidated motion in limine shall be filed by each party and the motion shall not exceed 25 pages. The response brief to the motion in limine shall not exceed 25 pages.(jgs) |

| | | |
|---|---|---|
| | | (Entered: 02/06/2014) |
| 03/04/2014 | 48 | MOTION in Limine to Admit Business Records by USA as to Brandon Burnett, Jessica Mitchell, Gabriella Updegrove. (Dingle, Shanya) (Entered: 03/04/2014) |
| 03/07/2014 | | NOTICE Setting Case for Tender of Plea as to Jessica Mitchell. Tender Plea Hearing set for 3/13/2014 at 10:00 AM in ATLA Courtroom 2106 before Judge Timothy C. Batten Sr. (jgs) (Entered: 03/07/2014) |
| 03/10/2014 | | NOTICE OF HEARING as to Brandon Burnett, Jessica Mitchell, Gabriella Updegrove. Pretrial Conference set for 3/18/2014 at 11:00 AM in ATLA Courtroom 2106 before Judge Timothy C. Batten Sr.(jgs) (Entered: 03/10/2014) |
| 03/11/2014 | | NOTICE Re−Setting Case for Tender of Plea as to Jessica Mitchell. Tender Plea Hearing set for 3/19/2014 at 10:00 AM in ATLA Courtroom 2106 before Judge Timothy C. Batten Sr. (jgs) (Entered: 03/11/2014) |
| 03/12/2014 | 50 | MOTION Return of Passport by Jessica Mitchell. (Attachments: # 1 Exhibit Flight Itinerary, # 2 Text of Proposed Order) (Wooldridge, Thomas) (Entered: 03/12/2014) |
| 03/13/2014 | 51 | ORDER GRANTING 50 Motion for Return of Passport to Jessica Mitchell on 3/13/14. Ms. Mitchell is ORDERED to return the above referenced Passport to Probation by the close of business on 3/19/14, as to Jessica Mitchell (3). Signed by Judge Timothy C. Batten, Sr on 3/13/14. (jlm) (Entered: 03/13/2014) |
| 03/19/2014 | 56 | Minute Entry for proceedings held before Judge Timothy C. Batten, Sr: Change of Plea Hearing as to Jessica Mitchell; Court found continuance necessary. Change of Plea Hearing reset for 4/2/2014 at 10:00 AM in ATLA Courtroom 2106 before Judge Timothy C. Batten Sr. (Court Reporter Lori Burgess) (rsh) (Entered: 03/19/2014) |
| 04/02/2014 | 63 | Minute Entry for proceedings held before Judge Timothy C. Batten, Sr: Change of Plea Hearing as to Jessica Mitchell, PLEA of GUILTY by Jessica Mitchell (3) Guilty Count 1. (Attachments: # 1 Guilty Plea and Plea Agreement) (Court Reporter Lori Burgess) (rsh) (Entered: 04/02/2014) |
| 04/02/2014 | 64 | NOTICE OF SENTENCING Set as to Jessica Mitchell. Sentencing set for 6/5/2014 at 10:00 AM in ATLA Courtroom 2106 before Judge Timothy C. Batten Sr. (rsh) (Entered: 04/02/2014) |
| 04/28/2014 | 70 | Notice for Leave of Absence for the following date(s): June 6, 2014 through June 13, 2014, June 30, 2014 through July 4, 2014, July 28, 2014 through August 5, 2014, by Thomas Colin Wooldridge. (Wooldridge, Thomas) (Entered: 04/28/2014) |
| 05/07/2014 | | NOTICE OF SENTENCING Reset as to Jessica Mitchell Sentencing set for 7/8/2014 at 10:00 AM in ATLA Courtroom 2106 before Judge Timothy C. Batten Sr. (jgs) (Entered: 05/07/2014) |
| 07/01/2014 | 82 | Sentencing Memorandum as to Jessica Mitchell filed by Jessica Mitchell (Wooldridge, Thomas) (Entered: 07/01/2014) |
| 07/02/2014 | | NOTICE OF SENTENCING Reset as to Jessica Mitchell Sentencing set for 7/8/2014 at 02:00 PM in ATLA Courtroom 2106 before Judge Timothy C. Batten Sr. (change in time of day)(jgs) (Entered: 07/02/2014) |
| 07/07/2014 | 86 | Supplemental Brief re: 82 Sentencing Memorandum as to Jessica Mitchell filed by Jessica Mitchell (Attachments: # 1 Exhibit Letters in Support, # 2 Exhibit Genesis Shelter Letter)(Wooldridge, Thomas) (Entered: 07/07/2014) |
| 07/08/2014 | 88 | Minute Entry for proceedings held before Judge Timothy C. Batten, Sr: Sentencing as to Jessica Mitchell. (Court Reporter Lori Burgess) (rsh) (Entered: 07/08/2014) |
| 07/08/2014 | 89 | JUDGMENT AND COMMITMENT as to Jessica Mitchell (3), Count(s) 1, CBOP 8 mos., followed by 5 yrs. Supervised Release. Special Assessment $100. Restitution, jointly &severally with co−dfts Eric Nathan &Brandon Burnett to JPMorgan Chase in amt of $85,111.51. Count(s) 2, 4−6, Dismissed on govt motion. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal no |

| | | |
|---|---|---|
| | | sooner than September 4, 2014. Signed by Judge Timothy C. Batten, Sr on 7/8/14. ––Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist–– (rsh) (Entered: 07/08/2014) |
| 07/10/2014 | | (Court only) ***Steno Notes of proceedings held on 7/8/2014 as to Jessica Mitchell before Judge Timothy C. Batten, Sr, by Lori Burgess (llb) (Entered: 07/10/2014) |
| 08/08/2014 | 100 | MOTION to travel outside the Northern District of Georgia and Return of Passport for travels. by Jessica Mitchell. (Attachments: # 1 Text of Proposed Order Proposed order) (Wooldridge, Thomas) (Entered: 08/08/2014) |
| 08/15/2014 | 101 | ORDER granting 100 Motion to travel outside NDGA 8/18/14 through 8/24/14, as to Jessica Mitchell (3). Dft shall comply with all other conditions of bond. Signed by Judge Timothy C. Batten, Sr on 8/15/14. (rsh) (Entered: 08/15/2014) |
| 08/20/2014 | 102 | NOTICE OF VOLUNTARY SURRENDER/REPORTING INFORMATION by USM as to Jessica Mitchell. Defendant is directed to report to FPC, Alderson, WV at 9/4/2014, noon to begin service of sentence. Reg. No. 65524–019 (bdb) (Entered: 08/21/2014) |
| 08/22/2014 | 103 | Notice for Leave of Absence for the following date(s): August 25, 2014, August 26, 2014, August 27, 2014, August 28, 2014, August 29, 2014, September 2, 2014, September 3, 2014, by Karlyn Juliet Hunter. (Hunter, Karlyn) (Entered: 08/22/2014) |
| 09/16/2014 | 107 | Notice for Leave of Absence for the following date(s): October 20 through 24, 2014, by Shanya Dingle. (Dingle, Shanya) (Entered: 09/16/2014) |
| 02/27/2017 | 122 | Supervised Release Jurisdiction Transferred to USDC ND/IL, Chicago as to Jessica Mitchell (17CR95) (adg) (Entered: 03/02/2017) |

FILED IN CHAMBERS
U.S.D.C. Atlanta

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

NOV 0 5 2013

FOR THE NORTHERN DISTRICT OF GEORGIA

JAMES N. HATTEN, Clerk

ATLANTA DIVISION

By: _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| | : |
| ERIC NATHAN, | : |
| aka Nate, | : |
| aka Flyboy; | : |
| | : |
| BRANDON BURNETT, | : |
| aka Showtime, | : |
| aka Teddy, | : |
| aka J; | : |
| | : |
| JESSICA MITCHELL; | : |
| and | : |
| GABRIELLA UPDEGROVE. | : |

CRIMINAL INDICTMENT

NO.
**1   13 - CR - 429**

ATTEST: A TRUE COPY
CERTIFIED THIS

MAR 0 2 2017

James N. Hatten, Clerk
By: _____ Deputy Clerk

THE GRAND JURY CHARGES THAT:

## COUNT ONE
### (Conspiracy)

1.    Beginning at least as early as on or about November 1, 2009,
and continuing through on or about December 1, 2012, in the Northern
District of Georgia and elsewhere, defendants ERIC NATHAN, aka Nate;
BRANDON BURNETT, aka Showtime, aka Teddy, aka J; JESSICA MITCHELL;
and GABRIELLA UPDEGROVE, did willfully, knowingly and unlawfully
combine, conspire, confederate, agree and have a tacit understanding
with each other and with S.W., D.B. and others known and unknown to
the Grand Jury to commit bank fraud, by knowingly executing and

1

attempting to execute a scheme and artifice to defraud JPMorgan Chase

Bank, N.A. and Wells Fargo Bank, N.A., financial institutions as

defined in Title 18, United States Code, Section 20, and to obtain

moneys and funds owned by and under the custody and control of

JPMorgan Chase Bank, N.A. and Wells Fargo Bank, N.A., by means of

materially false and fraudulent pretenses, representations, and

promises, and by the omission of material facts, in violation of Title

18, United States Code, Section 1344.

## Background

2.    It was a part of the conspiracy that at all times material

to this Indictment:

a.    Wells Fargo Bank, N.A. was a financial institution

as defined in Title 18, United States Code, Section 20, and its

deposits were insured by the Federal Deposit Insurance Corporation.

b.    JPMorgan Chase Bank, N.A. was a financial institution

as defined in Title 18, United States Code, Section 20, and its

deposits were insured by the Federal Deposit Insurance Corporation.

c.    Defendant GABRIELLA UPDEGROVE was employed by Wells

Fargo Bank, N.A. as a teller at a Wells Fargo branch located at 5750

North Point Parkway, Alpharetta, GA 30022, in the Northern District

of Georgia, where UPDEGROVE had access to the bank's computer system.

d.    S.W. was employed by JPMorgan Chase Bank, N.A. as a

teller at a JPMorgan Chase Bank, N.A. branch located at 230 W. Grand

2

Ave., Chicago, IL 60610, where S.W. had access to the bank's computer system.

   e. D.B. was employed by JPMorgan Chase Bank, N.A. as a teller at a JPMorgan Chase Bank, N.A. branch located at 3007 Panola Rd., Lithonia, GA 30038, in the Northern District of Georgia, where S.W. had access to the bank's computer system.

   f. Najee Murphy was employed by Wells Fargo Bank as a teller at the Wells Fargo branch located at 612 Lee Street Southwest, Atlanta, Georgia, in the Northern District of Georgia, where MURPHY had access to the bank's computer system.

   g. None of the tellers described in this paragraph had a legitimate reason to access the account information of the victim accountholders ("victim accounts").

Manner and Means

  3. Beginning on or about November 1, 2009, it was part of the scheme to defraud, that ERIC NATHAN and other conspirators unknown to the grand jury recruited and suborned bank employees, NAJEE MURPHY, GABRIELLA UPDEGROVE, D.B. and S. W. to provide NATHAN with bank account information from existing bank account holders knowing that they were not authorized to access or provide such information.

  4. In order to accomplish the objective of the conspiracy, which was to fraudulently obtain money from the various bank accounts at JPMorgan Chase Bank, N.A., ERIC NATHAN, BRANDON BURNETT and

3

JESSICA MITCHELL also recruited Y.B, M.R., V.H., A.H., D.H. N.G., K.W., M.H., and others to act as straw accountholders, who would either provide access to their existing accounts at the banks or open new accounts (collectively called "straw accounts") at the request of ERIC NATHAN, BRANDON BURNETT and JESSICA MITCHELL.

5.   After obtaining access to the straw accounts, it was further part of the conspiracy that ERIC NATHAN, BRANDON BURNETT and JESSICA MITCHELL used the victims' account information obtained by bank employees GABRIELLA UPDEGROVE, D.B. and S. W. and others to open joint bank accounts in the name of the victims and straw accountholders without the victims' knowledge or permission, and then had the straw accountholders' accounts and the victims' accounts linked with the newly created joint accounts.

6.   It was also part of the conspiracy that ERIC NATHAN and BRANDON BURNETT, using the banks' telephonic or online account access system, caused thousands of dollars to be fraudulently transferred from the victims' accounts into the newly created joint bank accounts, and then transferred from the joint banks accounts to the straw accountholders' accounts.

7.   After the transfers were made, ERIC NATHAN and BRANDON BURNETT instructed the straw accountholders to withdraw cash from their straw accounts, and instructed the straw accountholders to either (a) use the withdrawn cash to purchase money orders, which

4

the straw accountholders would give to BRANDON BURNETT and ERIC NATHAN or (b) give the cash directly to ERIC NATHAN and BRANDON BURNETT.

8.   It also are part of the conspiracy that ERIC NATHAN and BRANDON BURNETT recruited Dexter Jackson, G.B., L.I., V.F., (the "mules") and others to fraudulently use the identities of victims and make counter withdrawals of cash from the victim accounts at and Wells Fargo Bank, N.A. branches throughout the United States.

9.   It was further part of the conspiracy that ERIC NATHAN, without lawful authority, obtained from the aforementioned bank tellers and possessed and used the identifying information of numerous individuals, including their names, social security numbers, dates of birth, bank account information, home addresses and e-mail addresses.

10.   It was further a part of the conspiracy that NATHAN provided the mules with counterfeit drivers' licenses, each of which included a photograph of the mule along with the biographical information of the victim accountholder, and other victim account information, in order to facilitate the mules' ability to impersonate the victims, request a debit card in the victims' name and withdraw money from the victims' account.

11.   It was further part of the conspiracy that upon the successful withdrawal of funds from the victims' accounts, the mules

5

returned the money, debit card and counterfeit driver's licenses to ERIC NATHAN, who then paid the mules from the proceeds of the fraud.

12. As a result of the scheme to defraud, the conspirators fraudulently obtained hundreds of thousands of dollars from the financial institutions.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO - SEVEN
### (Bank Fraud)

13. The grand jury realleges and incorporates by reference the factual assertions specified in paragraphs 1-12 of this Indictment.

14. On or about the dates specified in Column B below, in the Northern District of Georgia and elsewhere, the defendants specified below in Column C, aided and abetted by each other and others, did knowingly execute and attempt to execute a scheme and artifice to defraud the banks listed in Column D below, which are financial institutions, as defined in Title 18, United States Code, Section 20, and to obtain money owned by and under the control of the banks listed in Column D below by means of materially false and fraudulent pretenses, representations, and promises through the unauthorized transfer of funds from the accounts specified below in Column D in the amounts specified in Column E:

| Column A | Column B | Column C | Column D | Column E |
|---|---|---|---|---|
| Count | Date of Transfer from Victim Account | Defendants | Victim & Account # (Last four digits) | Amount Transferred |
| 2 | 11/19/2009 | ERIC NATHAN BRANDON BURNETT JESSICA MITCHELL | C.O. JPMorgan Chase Account #4332 | $ 10,000.00 |
| 3 | 11/30/2009 | ERIC NATHAN BRANDON BURNETT | M.P.S-P JPMorgan Chase Account #5575 | $ 7,344.00 |
| 4 | 2/5/2010 | BRANDON BURNETT JESSICA MITCHELL | E.H. JPMorgan Chase Account #6300 | $ 30,476.00 |
| 5 | 2/2/2010 | ERIC NATHAN BRANDON BURNETT JESSICA MITCHELL | G.M. JPMorgan Chase Account #2603 | $ 31,460.82 |
| 6 | 3/2/2010 | BRANDON BURNETT JESSICA MITCHELL | C.G. JPMorgan Chase Account #4474 | $ 7,418.33 |
| 7 | 3/15/2010 | ERIC NATHAN | S.P. JPMorgan Chase Account #5348 | $ 7,651.00 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS EIGHT - FIFTEEN
### (Bank Fraud)

15.   The grand jury realleges and incorporates by reference the factual assertions specified in paragraphs 1-12 of this Indictment.

16.   On or about the dates specified in Column B below, in the Northern District of Georgia and elsewhere, the defendants specified below in Column C, aided and abetted by each other and others, did

7

knowingly execute and attempt to execute a scheme and artifice to defraud the banks listed in Column D below, which are financial institutions, and to obtain money owned by and under the control of the banks listed in Column D below by means of materially false and fraudulent pretenses, representations, and promises, including but not limited to the unauthorized withdrawal of the accounts specified below in Column D in the amounts specified in Column E:

| Column A | Column B | Column C | Column D | Column E |
|---|---|---|---|---|
| Count | Date of Withdrawal | Defendants | Victim and Account # (last four digits) | Amount Withdrawn |
| 8 | 8/25/2011 | ERIC NATHAN GABRIELLA UPDEGROVE | D.K. Wells Fargo Account #1204 | $ 4,000.00 |
| 9 | 9/1/2011 | ERIC NATHAN GABRIELLA UPDEGROVE | C.S. Wells Fargo Account #6899 | $ 4,500.00 |
| 10 | 9/1/2011 | ERIC NATHAN GABRIELLA UPDEGROVE | J.F. Wells Fargo Account #9502 | $ 5,000.00 |
| 11 | 9/3/2011 | ERIC NATHAN GABRIELLA UPDEGROVE | M.W. Wells Fargo Account #2768 | $ 5,000.00 |
| 12 | 10/4/2011 | ERIC NATHAN GABRIELLA UPDEGROVE | M.T. Wells Fargo Account #3910 | $ 1,500.00 |
| 13 | 10/7/2011 | ERIC NATHAN GABRIELLA UPDEGROVE | C.P. Wells Fargo Account #6756 | $ 4,000.00 |
| 14 | 5/24/2012 | ERIC NATHAN | R.G. Wells Fargo Account #8258 | $ 8,000.00 |
| 15 | 11/24/2012 | ERIC NATHAN | S.S. Wells Fargo Account #8258 | $ 5,002.45 |

All in violation of Title 18, United States Code, Sections 1344

and 2.

## COUNTS SIXTEEN-SEVENTEEN
### (Aggravated Identity Theft)

17. On or about the dates listed below in Column B, in the Northern District of Georgia and elsewhere, ERIC NATHAN aided and abetted by others both known and unknown to the Grand Jury, knowingly possessed and used, without lawful authority, means of identification, that is the name listed in Column C, and bank account number listed below in Column D, during and in relation to the federal felony of bank fraud, as set forth in the Counts of the Indictment listed in Column E below:

| Column A | Column B | Column C | Column D | Column E |
|----------|----------|----------|----------|----------|
| Count | Date | Victim | Account # (last four digits) | Related Indictment Count |
| 16 | 9/1/2011 | C.S. | 6899 | 9 |
| 17 | 10/7/2011 | C.P. | 6756 | 13 |

All in violation of Title 18, United States Code, Sections 1028A (a)(1) and (b)(2) and 2.

## FORFEITURE PROVISION

18. Upon conviction of the offense alleged in Count One through Fourteen of this Indictment, defendants ERIC NATHAN, BRANDON BURNETTE, JESSICA MITCHELL, and GABRIELLE UPDEGROVE shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any

property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense.

19.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.


SALLY QUILLIAN YATES
UNITED STATES ATTORNEY


KARLYN J. HUNTER
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
(404)581-6000
Georgia Bar No. Pending

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

-vs-
                    Case No.  1:13-cr-429-3-TCB

Jessica Mitchell

                    Defendant's Attorney:
                    **Thomas Wooldridge**

### JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant pleaded guilty to Count(s) 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC §1349 | Conspiracy to Commit Bank Fraud | 1 |

The defendant is sentenced as provided in pages 2 through   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining Counts dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of $ 100.00 which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    XXX-XX-5817      Date of Imposition of Sentence:  July 8, 2014
Defendant's Date of Birth:      1989
Defendant's Mailing Address:
Atlanta, Georgia

Signed this the 8th day of July, 2014.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

ATTEST:  A TRUE COPY
CERTIFIED THIS

MAR 0 2 2017

James N. Hatten, Clerk
By:
Deputy Clerk

Page 2 of 6

1:13-cr-429-2-TCB   Brandon Burnett

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **47 months**.

The Court recommends that the defendant be incarcerated at FCI Taft, California and that he participate in the Bureau of Prisons 500 Hour Comprehensive Drug Treatment Program.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____

Deputy U.S. Marshal

1:13-cr-429-2-TCB · Brandon Burnett

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five years**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

Defendant shall participate as directed in a program approved by the Probation Officer for treatment or narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.  Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

Defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer.  Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

The defendant shall cooperate in collection of DNA at the direction of his Probation Officer.

The defendant shall submit to a search of his person, property (real, personal, or rental), residence, office, and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall submit to a financial audit and make a complete disclosure of his finances at the direction of the Probation Officer.  The defendant shall not incur new credit charges or open new lines of credit without first obtaining authorization from the Probation Officer.

The defendant shall complete 120 hours of community service at the direction of the Probation Officer.

1:13-cr-429-2-TCB . Brandon Burnett

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1.    The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.    The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.    The defendant shall support his or her dependents and meet other family responsibilities;

5.    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.    The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7.    The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.   The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:13-cr-429-2-TCB · Brandon Burnett

# RESTITUTION

Restitution in the amount of $120,879.12 is due and payable immediately, jointly and severally with co-defendants Jessica Mitchell and Eric Nathan.  The defendant shall participate in the Bureau of Prisons Financial Responsibility Program while incarcerated.  Any portion of the restitution that is not paid in full at the time of the defendant's release from custody shall be paid at a rate of no less than $200 per month plus 25% of gross income over $2,300 per month.

The defendant shall make restitution to the following person(s) in the following amounts:

| Name of Payee | Amount of Restitution |
| --- | --- |
| U.S. Probation shall provide victim details | $120,879.12 |

1:13-cr-429-2-TCB : Brandon Burnett

## FORFEITURE

The defendant shall forfeit his right, title, and interest in the property consistent with this sentence and pursuant to 21 USC §853, 18 USC §924(d), and 28 USC §2461(c).  The government shall submit an order of forfeiture.